In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-413 CR


 ______________________


 

LEWIS RAY KENDRICK, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 89698






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Lewis Kendrick pled guilty to burglary of a
habitation. The trial court found the evidence sufficient to find Kendrick guilty, but deferred
further proceedings and placed Kendrick on community supervision for five years. On
November 30, 2005, the State filed a motion to revoke Kendrick's unadjudicated community
supervision. Kendrick pled "true" to three violations of the conditions of his community
supervision. The trial court found that Kendrick violated the conditions of his community
supervision, found him guilty of burglary of a habitation, and assessed punishment at eleven
years of confinement. 

 Kendrick's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). On February 8, 2007, we granted an extension of time for appellant to file a pro
se brief. We received no response from appellant. We reviewed the appellate record, and
we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we
find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's
judgment. (1) 

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on May 29, 2007 

Opinion Delivered June 20, 2007 

Do not publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.